PER CURIAM.
This is an appeal from an order denying appellant, Emilio Cruz’s motion to reinstate the statutory period prescribed in section 55.509(1), Florida Statutes (1997), to oppose the domestication of a foreign *307 judgment due to his lack of notice.[1] We reverse.
Appellee, Desert Palace, Inc. d/b/a Caesar’s Palace (“Desert Palace”) obtained a final default judgment against Cruz, on a gambling debt, in the United States District Court for Nevada on December 24, 1991. The district court subsequently renewed this judgment and extended it for a period of six years in an order dated November 4, 1997. On or about September 17, 1998, Desert Palace sought to domesticate this judgment in Florida by filing a certified copy of the judgment and affidavit for recording with the clerk of court for Miami-Dade County, Florida. The clerk of court and/or Desert Palace as the judgment debtor was then required to promptly provide notice of the recording of the foreign judgment to Cruz pursuant to section 55.505(2), Florida Statutes (1997).[2] Within thirty days of such notice, Cruz would have an opportunity to challenge the validity of the recording of the foreign judgment in an action for a stay of enforcement pursuant to section 55.509. See § 55.505(3)[3]. During this thirty day period, no execution or other process for enforcement of the foreign judgment can issue. § 55.505(3).
According to the record before us, the clerk of court did attempt to provide notice of the recorded judgment to Cruz at an address provided by Desert Palace. The address, however, was incorrect and the notice and copy of the recorded judgment was returned to the clerk of court where it was simply placed in the court file. Desert Palace never attempted to provide any alternative notice to Cruz as prescribed by section 55.505(2).
After thirty days had elapsed from Desert Palace’s recording of the foreign judgment, Desert Palace began discovery in aid of execution on the judgment. Cruz was apparently located and thereafter served with a subpoena for a deposition. Cruz then filed a motion with the trial court seeking to re-establish or reinstate the thirty day period contained in section 55.505(3) for him to challenge the judgment. The trial court denied the motion and this appeal followed.
Cruz maintains, and we agree, that the trial court reversibly erred when it denied his motion to re-establish the thirty day time period for him to challenge this judgment where he undisputedly did not re *308 ceive the prescribed notice of the recording of the Nevada judgment, either from the clerk of court or Desert Palace in accordance with section 55.505(3). The clear and unambiguous language of this statute provides in relevant part that:
No execution or other process for enforcement of a foreign judgment recorded hereunder shall issue until 30 days after the mailing of notice by the clerk....
In this case, it is clear that the mailing of the notice by the clerk of court did not provide notice where it was returned due to an incorrect mailing address. Nor was alternative notice provided to Cruz by Desert Palace. Given this lack of notice, it was error to permit Desert Palace to commence the process for the enforcement of its recorded foreign judgment.
We thus reverse the order under review with directions that the appellant be granted a thirty day time period within which to interpose any challenge to the recorded foreign judgment that it deems appropriate.[4]
Reversed and remanded with directions.

. Section 55.509 provides:
(1) If, within 30 days after the date the foreign judgment is recorded, the judgment debtor filed an action contesting the jurisdiction of the court which entered the foreign judgment or the validity of the foreign judgment and records a lis pendens directed toward the foreign judgment, the court shall stay enforcement of the foreign judgment and the judgment lien upon the filing of the action by the judgment debtor.
(2) If the judgment debtor shows the circuit or county court any ground upon which enforcement of a judgment of any circuit or county court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state.

. Specifically, that statute provides that:
Promptly upon the recording of the foreign judgment and the affidavit, the clerk shall mail notice of the recording of the foreign judgment, by registered mail with return receipt requested, to the judgment debtor at the address given in the affidavit and shall make a note of the mailing in the docket. The notice shall include the name and post office address of the judgment creditor and of the judgment creditor’s attorney, if any, in this state. In addition, the judgment creditor may mail a notice of the recording of the judgment to the judgment debtor and may record proof of mailing with the clerk. The failure of the clerk to mail notice of the recording will not affect the enforcement proceedings if proof of mailing by the judgment creditor has been recorded.

.Section 55.505(3) provides in pertinent part that:
No execution or other process for enforcement of a foreign judgment recorded hereunder shall issue until 30 days after the mailing of notice by the clerk ... When an action authorized in s. 55.509(1) is filed, it acts as an automatic stay of the effect of this section.

. At this juncture, we express no opinion as to the merits or any such challenges.